WILLIAM SIRRINE, administrator, plaintiff in error *vs.* The SOUTH WESTERN RAILROAD COMPANY, defendant in error.

1. Where a suit was brought on the bond of a railroad official, dated in 1857, and it was alleged in the declaration that the bond had broken by the failure of the official to account before and up to the time of his death, which it was alleged took place in 1868. And on the calling of the case the defendant moved to dismiss the case, because the affidavit was not filed as to the payment of taxes:

*Held,* That it did not appear that the debt sued on was contracted, or implied before the 1st of June, 1865.

2. Where a case has gone to the jury, and the evidence has been fully heard, a demurrer to the declaration, on the ground that the cause of action is defectively set forth, comes too late. Under such circumstances a demurrer must be for a cause that would be good in arrest of judgment.

Relief Act of 1870. Demurrer. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

Sirrine *vs.* The Southwestern Railroad Company.

On the 14th of June, 1857, Nunez, as principal, and W. W. Barlow *et al.*, as securities, executed and delivered to the Southwestern Railroad Company a bond, to be void if Nunez should perform all the duties of agent of said company at station Number 9, faithfully keep all money, goods, papers, accounts and assets that might, from time to time, come into his hands, as such agent, and dispose of and pay out the same as his duty required, according to the regulations of said company, forward, from time to time, a true account of all money received on account of said company, and pay over the same when required, etc., etc.

In 1869 the company brought suit against Nunez's administrator and Barlow *et al.*, in which they set out said bond in *heac verba*, and averred that Nunez acted as such agent from the date of said bond until he died, in February, 1868, and that during all the time that he was acting as such agent, under said bond, "he did not comply with the condition of said bond, and did not account with the said company as the terms of said bond required, but was a defaulter for sums received by him as agent of plaintiff for the sum of $2,500 00." There was no bill of particulars showing when this alleged defalcation occurred.

When the cause came on for trial, defendant's counsel moved to dismiss it because it was upon a debt made prior to June, 1865, and plaintiff had not filed an affidavit as to paying taxes required by the Relief Act of 13th October, 1870. The Court overruled the motion.

After all the evidence of plaintiff was in, defendant's counsel demurred to said petition, because there was no proper averment of breaches. The Court overruled the demurrer. These two rulings are assigned as error.

HAWKINS & BURKE, for plaintiffs in error.

N. A. SMITH, for defendant. Cause of action did not accrue prior to June, 1865. Demurrer was too late: 18 Ga. R., 693.

Laramore *et al. vs.* Minish *et al.*

McCay, Judge.

1. There can be no taxes due upon a debt until there is, in fact, a debt in existence. This could not be until there was a breach of the bond. It is not the bond which creates the debt—it is the *act*, against which the bond is intended to protect. Under the declaration is this case, that breach is stated to have occurred at the death of Nunez. This was after the 1st of June, 1865, and the Act of October 13th, 1870, does not apply to it. What may be proven on the trial may change this date of the breach. All we now mean to say is, that the breach is alleged to have occurred at Nunez's death, or after June, 1865; sufficiently so, at any rate, to allow proof of *such* a breach on the trial.

2. It is trifling with the time of the country to permit a demurrer, not good in arrest of judgment, to be made after the case has gone to the jury and the evidence has been fully heard. Properly, such objections ought to be at the first term, but if the parties have kept still until they have had their full time of the country for the trial of the case upon its merits, they have no right to cause all this to be lost on a mere matter of form.

If the motion was good in arrest of judgment, a different rule would prevail, since the same public convenience which denies a demurrer if a verdict would cure the defect, would require that no more time should be spent in doing fruitless acts.

Judgment affirmed.